UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FLOYD, | No. 2:16-cv-1778 KJN P |
| Petitioner, | |
| v. | ORDER |
| ROBERT W. FOX,[1] Warden, | |
| Respondent. | |

I. Introduction

Petitioner is a state prisoner, proceeding through counsel. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent moves to dismiss the petition as a mixed petition, based on petitioner's alleged failure to exhaust grounds two through four. Petitioner filed an opposition, and respondent filed a reply. As discussed below, respondent's motion to dismiss is partially granted.

II. Background

On March 7, 2014, petitioner was convicted by a jury in Sacramento County Superior Court on charges of residential burglary, and contempt of court for violating a protective order. The trial court separately found that petitioner sustained a prior "strike" conviction. Petitioner was sentenced to a mid-term of four years in state prison for the current burglary conviction, but

---

[1] "Fox" is the correct spelling of the warden's name. (ECF No. 14 at 3 n.3.)

1

because of the prior conviction, treated as a strike, the sentence was doubled to eight years. (ECF No. 25 at 8.) Moreover, the prior conviction was used to enhance petitioner's sentence under Cal. Penal Code § 667(a), adding another five years to his sentence. Petitioner was sentenced to a total of thirteen years in state prison.

Petitioner filed a timely appeal in the California Court of Appeal, Third Appellate District. (Respondent's Lodged Document ("LD") No. 1.) On February 9, 2015, petitioner filed his opening brief through counsel, who raised one claim: "The trial court erred by failing to exercise its discretion to strike pursuant to Penal Code Section 1385." (LD No. 1.) The People filed a respondent's brief, and petitioner filed a reply brief, both addressing petitioner's sole claim. (LD Nos. 2 & 3.) On July 27, 2015, the California Court of Appeal affirmed the judgment in a reasoned decision. (LD No. 4.) Petitioner filed a pro se petition for review in the California Supreme Court, raising one claim: "Did the trial court abuse its discretion in denying [petitioner's] motion to strike his prior conviction?" (LD No. 5.) The California Supreme Court denied the petition without comment on September 30, 2015. (LD No. 6.)

On October 24, 2014, petitioner filed a pro se petition for writ of habeas corpus in the Sacramento County Superior Court, Case No. 14HC00561, claiming that there was new evidence showing that a prosecution witness presented false testimony at trial. (LD No. 7.) In a reasoned decision issued November 21, 2014, the superior court denied the petition based on petitioner's failure to provide any evidence in support and to explain how the purported new evidence would undermine the prosecution's case. (LD No. 8.)

On January 26, 2015, petitioner filed another pro se petition for writ of habeas corpus in the Sacramento County Superior Court, No. 15HC00049, claiming that he received ineffective assistance of counsel because his attorney failed to call witnesses who would have provided a defense to the burglary charge for which he was convicted. (LD No. 9.) On March 19, 2015, the superior court denied the petition in a reasoned decision. (LD No. 10.)

On March 12, 2016, petitioner filed his third pro se petition for writ of habeas corpus in the Sacramento County Superior Court, claiming there was new evidence that the victim committed perjury during trial, and that petitioner was innocent. (LD No. 11.) On May 6, 2015,

the superior court denied the petition in a reasoned decision. (LD No. 12.)

On March 27, 2015, petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District, No. C078812, claiming he received ineffective assistance of counsel because his court-appointed attorney failed or refused to call certain individuals as defense witnesses at trial. (LD No. 13.) On April 9, 2015, the state appellate court denied the petition, citing In re Steele, 32 Cal. 4th 682, 692 (2004), In re Hillery, 202 Cal. App. 2d 293 (1962), and In re Carpenter, 9 Cal. 4th 634, 645-46 (1995).[2] (LD No. 14.)

On April 2, 2015, petitioner filed his fourth pro se petition for writ of habeas corpus in the Sacramento County Superior Court, claiming that the prior strike conviction used to enhance his sentence was dismissed in 2005, and therefore the sentencing enhancement was illegal. (LD No. 15.) On May 6, 2015, the superior court noted the pendency of petitioner's direct appeal, and denied the petition, citing People v. Mayfield, 5 Cal. 4th 220, 225 (1993).[3] (LD No. 16.)

On April 22, 2015, petitioner filed a pro se petition for review in the California Supreme Court, referencing his state appellate case No. C078812, and raising the ineffective assistance of counsel claims concerning the failure to call defense witnesses that petitioner raised in his superior court petition in Case No. 15HC00049. (LD No. 17.) On June 10, 2015, the California Supreme Court denied the petition without comment. (LD No. 18.)

On July 28, 2016, petitioner filed the instant petition. (ECF No. 1.) Petitioner raises four founds for relief:

1. Ineffective assistance of counsel based on defense counsel's failure to call witnesses who allegedly would have provided a defense to the burglary charge;

2. The trial court imposed an illegal strike enhancement because there was insufficient evidence;

3. The victim committed perjury during trial; and

---

[2] These cases stand for the proposition that a habeas petitioner can be required to bring his claims in the superior court in the first instance, and that the superior court has jurisdiction to adjudicate those claims even while a direct appeal is pending.

[3] Mayfield holds that where a claim may be decided on the record on appeal, a superior court lacks jurisdiction to grant a petition on the same claim. Id.

3

4. Newly-discovered evidence, based on a December 4, 2015 letter written by a man who claims that he allowed petitioner to enter the victim's apartment on the night of the burglary. (ECF No. 1.)

III. Exhaustion of State Remedies

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondents' counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277-78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

4

respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

IV. Discussion

First, the parties agree that petitioner exhausted his first ground for relief, wherein petitioner claims he suffered ineffective assistance of counsel because four witnesses were interviewed by the public defender but were not called to testify.

Second, the parties disagree on the remaining claims. Respondent argues that the remaining three claims are unexhausted. Petitioner argues that his claim that there was insufficient evidence of a valid prior conviction is exhausted, and submits on the record the arguments concerning the other two grounds (victim committed perjury and newly-discovered evidence).[5] If the court finds the petition is a mixed petition because such other two grounds are unexhausted, petitioner asks leave to amend to include the first ground and his ground that there was insufficient evidence of a valid prior conviction. But if the court finds that grounds two through four are unexhausted, petitioner seeks stay and abeyance to permit exhaustion of his ground that there was insufficient evidence of a valid prior conviction (ground two).

A. Ground Two:[6] 2005 Conviction Used as Strike Prior

Petitioner contends that this claim was effectively exhausted in his April 22, 2015 petition for review filed in the California Supreme Court because his Exhibit C refers to the 2005 burglary conviction, and his prior superior court habeas petition raised a claim that there was insufficient evidence to support the prior conviction. Respondent disagrees.

////

---

[5] Petitioner also argued that his ground that there was insufficient evidence to support the prior strike conviction is not procedurally defaulted because his mental disabilities constitute cause to excuse the default. (ECF No. 25 at 3-5.) However, as argued by respondent, respondent did not argue procedural default. Because no such argument was made in the instant motion to dismiss, the undersigned does not address procedural default.

[6] As noted by respondent, throughout the opposition, petitioner refers to this ground as "Claim III." However, it is clear that petitioner was referring to Ground Two, which is petitioner's claim that there was insufficient evidence to support the 2005 conviction used as a strike prior. The court refers to petitioner's claims as numbered in the petition.

The April 22, 2015 petition for review reflects that petitioner raised only his ineffective assistance of counsel claim in the California Supreme Court. (LD No. 17.) Although petitioner appended, as Exhibit C to the petition for review, documents that reference the 2005 conviction used as a strike prior, petitioner does not reference Exhibit C or explain the significance of such documents in the petition for review. (LD No. 17 at 1-5.) Thus, petitioner did not fairly present his claims that the strike enhancement was not supported by sufficient evidence. Petitioner did not describe in the petition for review either the operative facts or the federal legal theory on which the instant second claim is based. Gray, 518 U.S. at 153. Therefore, petitioner has not exhausted his second ground for relief.

### B. Grounds Three and Four

In the third and fourth grounds for relief, petitioner claims, respectively, that the victim committed perjury during the trial, and the newly-discovered letter demonstrates petitioner entered the apartment with consent. Petitioner does not contend these two claims are exhausted, but rather "submits those arguments on the record." (ECF No. 25 at 2.) Indeed, petitioner asks the court for stay and abeyance only in connection with petitioner's prior conviction claim (ground two). (ECF No. 25 at 11, 14.) The record reflects that petitioner failed to exhaust his third and fourth grounds for relief because neither claim was decided by the California Supreme Court.[7] Because claims three and four are unexhausted, and petitioner did not seek stay and abeyance as to claims three and four, such claims are stricken as unexhausted.

## V. Motion for Stay and Abeyance

In connection with his second ground for relief, petitioner seeks stay and abeyance under Rhines v. Weber, 544 U.S. 269, 275 (2005). Petitioner argues that his severe mental disabilities made it impossible for him to properly exhaust his habeas claim. (ECF No. 25 at 2-3.)

////

////

---

[7] Petitioner presented his third claim in the Sacramento County Superior Court (LD No. 11), but in no subsequent filing or higher court. In his petition, petitioner states he did not present his new evidence claim based on the December 2, 2015 letter to any court before the instant petition was filed because petitioner "just received it," without further explanation. (ECF No. 1 at 5.)

Respondent does not object to the stay and abeyance for ground two because petitioner submitted a prison mental health treatment plan that seems to indicate petitioner suffers from cognitive deficits stemming from a 2009 head injury. (ECF No. 26 at 5.)

### A. Standards for Granting an Order of Stay and Abeyance

A federal district court may not address a petition for writ of habeas corpus unless the petitioner has exhausted state remedies with respect to each claim raised. Rose, 455 U.S. at 515. A petition is fully exhausted when the highest state court has had a full and fair opportunity to consider all claims before the petitioner presents them to the federal court. Picard, 404 U.S. at 276. "[P]etitioners who come to federal courts with 'mixed' petitions run the risk of forever losing their opportunity for federal review of the unexhausted claims." Rhines, 544 U.S. at 275.[8] Federal district courts should stay mixed petitions only in limited circumstances. Id. at 277. A district court may stay a mixed petition if (1) the petitioner demonstrates good cause for failing to have first exhausted all claims in state court; (2) the claims potentially have merit; and (3) petitioner has not been dilatory in pursuing the litigation. Id. at 277-78.

### B. Discussion

Here, petitioner demonstrates good cause for not exhausting his second claim in state court based on petitioner's mental disabilities. With his opposition, petitioner provided an August 8, 2014 mental health treatment plan which suggests that he sustained a head injury in 2009, resulting in cognitive defects, hallucinations/delusions, and symptoms of Post-Traumatic Stress Disorder ("PTSD"). (ECF No. 25-1 at 2; LD 17.) He was diagnosed with psychotic disorder; dementia due to traumatic brain injury; PTSD; and antisocial personality disorder ("ASPD"). (ECF No. 25-1 at 1.) Plaintiff was "marginally appropriate for CCCMS" level of care and may eventually require a higher level of care, such as EOP.[9] (ECF No. 25-1 at 2.) Plaintiff was found

---

[8] In the alternative, a court may stay a mixed petition if (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner to proceed to exhaust the deleted claims in state court; and (3) petitioner later amends his petition and reattaches the newly exhausted claims to the original petition. Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003).

[9] CDCR's Mental Health Services Delivery System Program Guide provides four levels of

7

to be in need of adaptive supports such as: assist in reading and writing California Department of Corrections and Rehabilitation ("CDCR") forms; use simple language, and only 1 or 2 step instructions; give extra time to adjust to new routines and environments; and remind petitioner of appointments and schedules because plaintiff does not tell time. (Id.) In petitioner's prior motion for appointment of counsel, he provided a request certified by a state prison librarian, who stated that petitioner "may be unable to effectively communicate with the court or fully prosecute this action due to [his] claimed disability," which was identified as "low cognitive function, DD1."[10] (ECF No. 18.)

Moreover, at trial, defense counsel vigorously argued that there was insufficient evidence to support the prior conviction; appointed counsel on appeal requested record augmentation, suggesting appellate counsel considered the insufficiency of evidence argument, yet failed to raise the claim on direct appeal; the state superior court presumed that the insufficiency argument would be included on direct appeal; and appellate counsel informed petitioner that he would not assist in filing a habeas petition, but would provide the form.

For all of the above reasons, the court finds good cause for petitioner's failure to exhaust his second ground for relief.

Turning to the next prong of Rhines, petitioner's second ground is not "plainly meritless." Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) ("Petitioner must still establish 'claim plausibility,' i.e. that his unexhausted claims are not 'plainly meritless' in order to obtain a stay under Rhines."). In his second ground for relief, petitioner contends there was insufficient evidence to support the 2005 prior burglary conviction because the San Francisco Superior Court file was misplaced, making it impossible to determine if there were adequate advisements and waivers, and if the prior conviction qualified as a strike prior or a serious felony for enhancement

---

mental health care services: Correctional Clinical Case Management System ("CCCMS"); Enhanced Outpatient ("EOP"); Mental Health Crisis Bed ("MHCB") and inpatient hospital care. Coleman v. Brown, 2013 WL 6491529, at *1 (E.D. Cal. Dec. 10, 2013).

[10] "Prisoners classified as DD1 are equivalent to those with 'mild' mental retardation. [Citation.] Although considered higher functioning, DD1 prisoners still require a variety of adaptive supports." Clark v. California, 739 F.Supp.2d 1168, 1188 (N.D. Cal. 2010).

8

purposes. In addition, petitioner argues the other two pieces of evidence were insufficient.[11] Defense counsel argued at trial that under California law, a CLETS print-out is inadequate to show a prior conviction. (ECF No. 25 at 6.) Petitioner argues that it was unreasonable for the trial judge to rely on petitioner's statement to the victim given petitioner's mental health and cognitive defects. Moreover, in his April 2, 2015 petition filed in the Sacramento County Superior Court, petitioner also argued that he did not have a strike prior because it was dismissed by the San Francisco court on July 27, 2005. (LD No. 15 at 3.) In its order declining to address the petition due to the pending appeal, the Sacramento County Superior Court noted that petitioner alleged "it was illegal to impose a sentencing enhancement based on a strike prior because his previous conviction was dismissed in 2005." (ECF No. 1 at 19.) Accordingly, the undersigned finds that petitioner's insufficient evidence claim potentially has merit. Indeed, if the state high court finds there was insufficient evidence to support the prior burglary conviction, petitioner's prison sentence is subject to a substantial reduction.

Finally, the undersigned finds that petitioner has not been intentionally dilatory in pursuing this litigation. Despite his cognitive deficits and mental illness, as well as his lack of counsel during his collateral challenges, petitioner has sought the assistance of other inmates to raise multiple challenges to his conviction in state court.

Therefore, petitioner's motion to stay and abey this action under Rhines is granted so that he may return to state court and exhaust his second ground for relief. Petitioner is cautioned that he must diligently pursue his state remedies.

Accordingly, IT IS ORDERED that:

1. Respondent's motion to dismiss (ECF No. 14) is partially granted;

2. Petitioner's grounds three and four are unexhausted, and stricken from the petition;

3. Petitioner's motion for stay and abeyance (ECF No. 25) is granted;

---

[11] The trial court relied on a certified copy of the CLETS rap sheet provided by the California Department of Justice and a CD recording of petitioner's jail conversation with the victim, in which petitioner said, "I have a strike for burglary, a home invasion." (ECF No. 25 at 7 (citations omitted). Also, the trial court "found some corroboration in the clerk's minutes received from the San Francisco court. (Id., citing 2 RT 456.)

4. This action is stayed pending exhaustion of petitioner's ground two in the California state courts;

5. Petitioner shall file a motion to lift the stay of this action within thirty days from the date on which the California Supreme Court issues an order addressing petitioner's habeas petition;

6. The Clerk of the Court shall change respondent's last name to "Fox," and shall administratively close this case; and

7. The undersigned declines to issue a certificate of appealability under 28 U.S.C. § 2253.

Dated: July 7, 2017

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/floy1778.mtd.fte.hc.stay